UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABEL ESQUEDA,<br><br>       Petitioner,<br><br>       v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and<br><br>MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security,<br><br>       Respondents. | No. 2:26-CV-01478-SAB<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS** |

Before the Court is Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1. Petitioner is represented by Vicky J. Currie. Respondents are represented by Lawrence Joel Van Daley, Sr.

Petitioner is a native and citizen of Mexico. He entered the United States at an unknown time without authorization, resulting in his removal on April 30, 2003. Petitioner re-entered the United States sometime in 2003 or 2004 and has remained ever since. On April 7, 2016, immigration authorities apprehended Petitioner during a targeted operation and reinstated the 2003 removal order. Petitioner was subsequently released from immigration custody until March 11, 2026, when immigration officials sent Petitioner a notice directing him to report to the immigration office on April 22, 2026, which he failed to do. On April 23, 2026, Petitioner was again apprehended during targeted enforcement operations, he was taken into custody, and the prior order of removal again reinstated.

Respondents contend that Petitioner's detention is mandatory under 8 U.S.C.

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS  #1**

§ 1231(a) because he failed to appear for his appointment on April 22, 2026, and the final order of removal was subsequently reinstated. Petitioner contends that he is not challenging his detention under § 1231, but rather he is challenging how detention was imposed, in his words: "without process, without justification, and without any individualized determination at the time his liberty was taken." Much of Petitioner's argument hinges on his assertion that his "detention [was] predetermined and not contingent on appearance." Petitioner neither contests Respondents' assertion that he failed to appear for his appointment, nor does he present any explanation that would justify his failure to appear.

Based on the record before the Court, it was only after Petitioner failed to appear for his appointment that the prior order of removal was reinstated. Once that order of removal was reinstated on April 23, 2026, the "removal period" began pursuant to subsection 1231(a)(1)(B). The removal period lasts 90 days, during which time detention is mandatory. 8 U.S.C. 1231(a)(1)(A), (2)(A). It therefore appears that Petitioner's claim is unripe, and he is not entitled to the relief he seeks. *See Guadarrama v. Scott*, No. 2:26-CV-01330-LK, 2026 WL 1533008 at *3 (W.D. Wash. June 1, 2026).

Accordingly, **IT IS ORDERED**:

1.      Petitioner's Petition for Writ of Habeas Corpus, ECF No. 1, is **DENIED**.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 25th day of June 2026.

Stanley A. Bastian
United States District Judge

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS  #2**