UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| ABEL ESQUEDA,<br><br>          Petitioner,<br><br>          v.<br><br>BRUCE SCOTT, Warden of the Northwest ICE Processing Center, and MARKWAYNE MULLIN, Secretary of the United States Department of Homeland Security,<br><br>          Respondents. | No. 2:26-CV-01478-SAB<br><br>**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT** |

Before the Court is Petitioner's Motion to Alter or Amend Judgment, ECF No. 12. Petitioner is represented by Jennifer Kim Lesmez. Respondents are represented by Lawrence Joel Van Daley, Sr.

On April 30, 2026, Petitioner filed a petition for writ of habeas corpus, seeking his release from custody. On June 25, 2026, the Court denied the petition on the grounds that Petitioner was mandatorily detained pending removal by immigration authorities. On July 22, 2026, Petitioner filed the pending motion.

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). "A district court may properly reconsider its decision if it '(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling

**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT #1**

law.'" *Smith v. Clark Cnty. Sch. Dist.*, 727 F.3d 950, 955 (9th Cir. 2013) (quoting *Sch. Dist. No. 1J*, 5 F.3d at 1263). "There may also be other, highly unusual, circumstances warranting reconsideration." *Sch. Dist. No. 1J*, 5 F.3d at 1263. Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakima Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003).

Petitioner's pending motion asserts that amendment of the prior judgment is necessary "in light of the need to correct a clear error of law or prevent manifest injustice." Petitioner's primary argument for amendment is simple:

> the Court's [prior] analysis assumes that the removal period is fully operative in a manner that automatically justifies detention. That assumption does not hold here. Petitioner is currently in withholding-only proceedings following a reasonable fear determination, and therefore cannot be removed unless and until those proceedings conclude. Because removal is not presently executable, the removal period cannot be treated as functioning in the ordinary manner contemplated by § 1231

Respondents do not contest these assertions and in fact have elected not to respond to the motion at all.

Considering that the Court's prior order hinged on Respondents' assertion that mandatory detention was applicable in this matter, the Court finds it appropriate to amend the prior judgment in favor of Respondent. *See Smith*, 727 F.3d at 955. Furthermore, in light of detention not being mandatory, and Petitioner having his prior release prior to sufficient notice and a hearing, the Court finds it appropriate to order Petitioner's immediate release. *See e.g.*, *Rana v. Bondi*, No. 26-cv-244, 2026 WL 472800 (W.D. Wash. Feb. 19, 2026).

Accordingly, **IT IS ORDERED**:

1.      Petitioner's Motion to Alter or Amend Judgment, ECF No. 12, is

**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT #2**

**GRANTED**.

2.      **Within one (1) day of the date of this order, Respondents shall release Petitioner from immigration detention**. Within two (2) days of the date of this order, Respondents shall file a certification that Petitioner has been released.

3.      Respondents shall not re-detain Petitioner without providing pre-detention notice and affording Petitioner a hearing unless detention becomes statutorily mandated.

4.      At any re-detention hearing, Respondents shall bear the burden to show by clear and convincing evidence that Petitioner is a flight risk or a danger to the community.

**IT IS SO ORDERED**. The District Court Clerk is hereby directed to enter this Order and provide copies to counsel.

**DATED** this 6th day of August 2026.

_____

Stanley A. Bastian

United States District Judge

**ORDER GRANTING MOTION TO ALTER OR AMEND JUDGMENT #3**